Eastern District of Kentucky
F I L E D
SEP 21 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-584-GWU

JOANN BOWLING,                                         PLAINTIFF,

VS:                  MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT,

## INTRODUCTION

Joann Bowling brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Bowling, a 41 year-old former registered nurse, certified nurse aide, and toll booth attendant with a high school education, suffered from impairments related degenerative disc disease at L4-L5 and L5-S1, sacroiliac joint dysfunction, a generalized anxiety disorder, and a depressive disorder. (Tr. 16, 19). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 22). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 22-23). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 21).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

5

The hypothetical question presented to Vocational Expert Katherine Bradford included an exertional restriction to light level work along with such non-exertional limitations as (1) an inability to more than occasionally stoop, kneel, crouch, crawl and climb ladders, ropes or scaffolds; (2) a restriction work requiring only simple, non-detailed and routine tasks; (3) a restriction to only infrequent and casual contact with co-workers or the public and changes in supervision being infrequent and gradually introduced; (4) a limitation to low-stress work; and (5) concentration reduced by pain. (Tr. 42-43). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 43). Therefore, assuming that the vocational factors considered by Bradford fairly depicted Bowling's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. The question is arguably compatible with the opinion of Dr. Harold Rutledge, a treating physician, who opined in April of 2002 that Bowling could return to work.[1] (Tr. 197). The question was consistent with the physical limitations identified by Dr. Roy Stauffer, an examining consultant. (Tr. 211). The question was also compatible with the limitations noted by Dr. David Swan (Tr. 241-251) and Dr. Kenneth Phillips (Tr. 290-296), the non-examining medical reviewers. Finally, more severe physical restrictions were not identified by such treating and examining sources as the staff at Manchester Memorial Hospital (Tr. 137-168, 205-206), Dr. Rahul Dixit (Tr. 169-173), Dr. William Brooks (Tr. 179-189), and Dr. Jean Page

---

[1] The doctor mentioned that "she can return to work in some capacity, even if it is a sedentary position." (Tr. 197). This statement does not appear to have been intended as a limitation but rather as the least she could do. Dr. Rutledge referred the patient to vocational rehabilitation. (Tr. 197).

6

(Tr. 207-208). These reports provide substantial evidence to support the administrative decision.

Dr. Anita Cornett, Bowling's family physician, opined that the plaintiff was unable to work. (Tr. 223). The ALJ rejected this opinion as binding because he did not believe it was well-supported by objective medical data and contradicted by other evidence in the record including the findings of Dr. Rutledge and Dr. Brooks. (Tr. 19-20). This action would appear appropriate. Dr. Cornett's treatment records indicate that she mainly treated the plaintiff for minor complaints concerning bronchitis, sinusitis, diarrhea, and dermatitis. (Tr. 220-240, 301-322). As previously noted, Dr. Rutledge, the doctor to whom Dr. Cornett referred the claimant for pain management, actually opined that she could return to work. Therefore, the ALJ properly rejected Dr. Cornett's opinion as binding.

The ALJ also dealt properly with Bowling's mental status. The hypothetical question was essentially compatible with the restrictions identified by Dr. Kevin Eggerman, an examining consultant. (Tr. 219). The question was also essentially consistent with the somewhat differently-worded but not necessarily totally disabling mental limitations reported by Psychologists Edward Stodola (Tr. 252-253) and Ilze Sillers (Tr. 290-296), the non-examining medical reviewers. The plaintiff asserts that the ALJ erred in failing include references to her diagnoses of depression and generalized anxiety in the hypothetical question. However, hypothetical questions are not required to contain a list of the claimant's medical conditions. Webb v. Commissioner of Social Security, 368 F.3d 629, 631 (6th Cir. 2004). The mental restrictions fairly characterized the claimant's condition and that was sufficient.

Bowling argues that the ALJ did not properly evaluate her subjective pain

7

complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Bowling was found to be suffering from a potentially painful condition. However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. Dr. Rutledge noted that a three-level discogram at L3-L4, L4-L5, and L5-S1 did not provoke significant pain. (Tr. 192). The plaintiff was noted to be neurologically intact. (Tr. 191). Therefore, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the claimant's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Bowling's pain complaints.

The administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 21 day of September, 2005.

G. WIX UNTHANK
SENIOR JUDGE